### DUNFORD v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  November 18, 1903.)

1. STREET RAILWAYS—COLLISION WITH TEAM—ACTION FOR INJURIES—EVIDENCE —APPEAL—PREJUDICIAL ERROR.

In an action against a street railroad for injuries from a collision with plaintiff's wagon, plaintiff testified that he was disabled for nine days, and then went to work; that while driving his horse ran away, and he jumped; (but there was no evidence that he was injured); that he worked the two following days. He then testified, under objection, as not having been shown to be the result of the accident, that he did no more work. The court charged that plaintiff could only recover for the "direct consequences" of the accident. *Held*, that defendant was not prejudiced by the admission of the testimony excepted to.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by John Dunford against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (J. Ralph Hilton and W. E. Weaver, of counsel), for appellant.
Burton W. Gibson, for respondent.

BLANCHARD, J.  The plaintiff seeks to recover for injuries received by him as the result of a collision between a wagon he was driving and one of the defendant's cars. It appears that the plaintiff was disabled for a week and two days, and then went to work, and that while driving his horse the horse became frightened and ran away, and the plaintiff jumped. The plaintiff then testified that he worked the two days following. He was then asked:

"Q. And then did you do any work? Defendant's Attorney: Objected to as incompetent, irrelevant, and immaterial, not having been shown to be the result of this accident. (Objection overruled. Exception taken.) A. No, sir."

There is no proof that plaintiff was hurt as the result of his jumping from his wagon when his horse ran away, and the court charged the jury that the plaintiff could only recover for "the direct conse-

quences" of the accident. This being the only assignment of error, we do not consider that the appellant has been prejudiced. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.